**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| LISA MARKLAND and MARI CARTAGENOVA, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>AMAZON.COM, INC.,<br><br>    Defendant. | Case No. _____<br><br>**CLASS ACTION COMPLAINT**<br><br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

CLASS ACTION COMPLAINT

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

011388-11/3582911 V1

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...........................................................................................1

II.   JURISDICTION AND VENUE .....................................................................2

III.  PARTIES .......................................................................................................2

      A.    Plaintiffs...........................................................................................2

            1.    Lisa Markland ........................................................................2

            2.    Mari Cartagenova...................................................................4

      B.    Defendant .........................................................................................6

IV.   FACTUAL ALLEGATIONS .........................................................................6

      A.    Amazon is an Enormous Seller of Imported Goods. ........................6

      B.    The Trump Administration Invokes the IEEPA to Implement
            Tariffs...............................................................................................7

      C.    Consumers Incurred Price Increases on Amazon While the IEPAA
            Tariffs Were in Effect. .....................................................................9

      D.    Amazon Decides Not to Seek IEEPA Tariff Refunds .....................11

V.    CLASS ALLEGATIONS ..............................................................................12

VI.   CHOICE OF LAW ........................................................................................15

VII.  CLAIMS FOR RELIEF ................................................................................15

COUNT I VIOLATION OF THE WASHINGTON CONSUMER PROTECTION
      ACT...........................................................................................................15

COUNT II UNJUST ENRICHMENT ......................................................................16

COUNT III MONEY HAD AND RECEIVED .........................................................17

REQUEST FOR RELIEF ........................................................................................17

DEMAND FOR JURY TRIAL ...............................................................................18

CLASS ACTION COMPLAINT - i

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

011388-11/3582911 V1

Lisa Markland and Mari Cartagenova individually and on behalf of all others similarly situated, allege the following:

## I. INTRODUCTION

1. Amazon collected hundreds of millions of dollars in unlawful tariff costs from consumers by raising prices on imported goods while tariffs imposed by the Trump Administration under the International Emergency Economic Powers Act ("IEEPA") were in effect. 50 U.S.C. § 1701, et seq. Amazon is now legally entitled to recover those costs in full from the federal government. Yet Amazon has refused to seek a refund — not because it lacks a legal basis to do so, but because it seeks to curry favor with Trump by allowing the federal government to retain the funds. Amazon's decision to forgo recovery serves its own political and commercial interests at the direct expense of the consumers who bore the tariff costs in the first place. Amazon has not returned any portion of those costs it passed on to consumers, and it has no intention of doing so. It has, in short, generated and retained a windfall from unlawful government action, and consumers — not Amazon — are the ones left paying for it.

2. This dispute arises from a fundamental inequity in the tariff refund process. Only the importer of record may seek a refund for an unlawfully assessed tariff — but importers merely advance the tariff cost at the border and recoup all or some of it through higher consumer prices. In economic reality, the consumer pays the tariff.

3. This inequity is compounded when, as here, a tariff is struck down by the courts. Consumers who bore the true economic burden have no direct avenue for redress — they lack both a statutory cause of action in the Court of International Trade and standing to seek a refund. That right belongs exclusively to the importer of record, here Amazon, regardless of who actually paid. Large corporations that passed the entire tariff cost onto their customers remain entitled to recover a full refund of tariffs the Supreme Court have since been declared unlawful.

4. This lawsuit seeks to force Amazon to return funds it collected from millions of consumers to cover IEEPA tariffs between February 2025 and February 2026. Amazon has made no commitment to compensate consumers for those payments. To the contrary, Amazon has chosen not

CLASS ACTION COMPLAINT - 1

011388-11/3582911 V1

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

to recoup the tariff payments it made to the federal government to further its own business interests. That decision does not make consumers whole.

5. Plaintiffs seek a judgment that requires Amazon to return to Plaintiffs all IEEPA duties passed on to customers in the form of higher prices on products, with interest.

6. Plaintiffs also seek restitution of those tariff overcharges they paid, or a proportionate share of any tariff refunds Amazon recovers, together with interest, reasonable attorneys' fees, and costs.

## II.    JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because the proposed Class consists of 100 or more members; the amount in controversy exceeds $5,000,000, exclusive of costs and interest; and minimal diversity exists. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this District under 28 U.S.C. § 1367 because a substantial part of the events, omissions, and misrepresentations giving rise to Plaintiffs' claims occurred in this District. Amazon's headquarters are in this District and Amazon has marketed, advertised, and made available for sale products subject to IEEPA tariffs within this District. Amazon's Conditions of Use provide that disputes between Amazon and its customers may be adjudicated in the Western District of Washington.[1]

## III.    PARTIES

### A.    Plaintiffs

#### 1.    Lisa Markland

9. Plaintiff Lisa Markland is a resident of Maryland domiciled in Germantown, Maryland. During the Class Period, Plaintiff Markland purchased goods such as a handheld vacuum and audio adapters directly from Amazon's Online Stores. These products were imported from countries subject to IEEPA tariffs and as the charts below demonstrate, sold at prices inflated by Amazon's pass-through of IEEPA tariff costs. For example, on December 6, 2025, she purchased a

---

[1] *Conditions of Use*, Amazon, https://www.amazon.com/gp/help/customer/display.html?nodeId=GLSBYFE9MGKKQXXM (last accessed May 15, 2026).

CLASS ACTION COMPLAINT - 2



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

011388-11/3582911 V1

Bissell AeroSlim Lithium Ion Cordless Handheld Vacuum from Amazon.com, which was made in China, which was priced at $41.19. On July 17, 2025, Plaintiff Markland also purchased a Belkin SoundForm Connect Airplay Adapter & Receiver directly from Amazon. This product was priced at $99.99 and was made in Vietnam. These prices were higher than the prices Amazon.com charged for the products before the IEEPA tariffs went into effect. Plaintiff Markland has been injured by paying more for Class Products than she would have paid in the absence of Defendant's acts, as set forth herein:





CLASS ACTION COMPLAINT - 3

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

011388-11/3582911 V1

**2.    Mari Cartagenova**

10.    Plaintiff Mari Cartagenova is a resident of Massachusetts domiciled in Westford, Massachusetts. During the Class Period, Plaintiff Cartagenova purchased goods such as a memory card, a flash drive, and a battery backup directly from Amazon's Online Stores. These products were imported from countries subject to IEEPA tariffs, and as the charts below demonstrate, sold at prices inflated by Amazon's pass-through of IEEPA tariff costs. For example, on December 5, 2025, Plaintiff Cartagenova purchased an Amazon Basics Micro SDXC Memory Card with Adapter from Amazon.com. This product was made in Taiwan and was priced at $15.00. On December 27, 2025, she purchased a Samsung Bar Plus 3.1 USB Flash Drive, made in Taiwan, that had been priced at $17.99. Finally, on October 25, 2025, Plaintiff Cartagenova purchased a CyberPower ST625U Standby Battery Backup and Surge Protector, which had been made in China. It was priced at $79.95. These prices were higher than the prices Amazon.com charged for the products before the IEEPA tariffs went into effect. Plaintiff Cartagenova has been injured by paying more for Class Products than she would have paid in the absence of Defendant's acts, as set forth herein:



CLASS ACTION COMPLAINT - 4

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

011388-11/3582911 V1





CLASS ACTION COMPLAINT - 5

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

011388-11/3582911 V1

**B.    Defendant**

11.    Amazon.com, Inc. ("Amazon") is an American multinational consumer goods and technology company that conducts business in all 50 states and the District of Columbia. Amazon is a Delaware corporation with principal executive offices located at 410 Terry Avenue North, Seattle, Washington 98109.

12.    Amazon is the world's largest e-commerce company. At all relevant times, Amazon operated an Online Store on its platform through which it sold imported products directly to consumers. Between February 4, 2025 and February 20, 2026, Amazon collected tariff costs from those consumers on goods subject to tariffs imposed under the IEEPA. On information and belief, the misconduct alleged herein originated from and was directed out of Amazon's headquarters and principal place of business in Seattle, Washington.

## IV.    FACTUAL ALLEGATIONS

**A.    Amazon is an Enormous Seller of Imported Goods.**

13.    Amazon is the world's second largest retailer.[2] Amazon ranks sixth among all importers of consumer goods into the United States.[3]

14.    Amazon offers consumers an expansive online marketplace of products from around the world. Consumers can purchase these products from two primary categories of sellers. First, Amazon itself sells retail products that it sources wholesale from vendors or manufacturers. Consumers can purchase these goods directly from Amazon through its online stores ("Amazon Online Stores"). Second, consumers can purchase goods from third-party sellers on Amazon Marketplace.

15.    For sales through Amazon's Online Stores, Amazon owns the inventory, controls pricing, and fulfills orders from its own warehouses. These listings display "Ships from and sold by Amazon.com." For Prime subscribers, Prime benefits apply without any intermediary. This is the

---

[2] *Global Powers of Retailing 2025: Improving Effectiveness and unlocking growth in the year ahead*, Deloitte (Mar. 2025), at p. 8, https://www.deloitte.com/content/dam/assets-shared/docs/industries/consumer/2025/deloitte-global-powers-of-retailing-2025.pdf.

[3] *2025 Journal of Commerce Top 100 US Importers. Ranked by annual containerized US imports in 2024, in laden TEUs (Twenty-foot Equivalent Units)*, S&P Global (2025), https://www.cfscon.com/company/292.html.

CLASS ACTION COMPLAINT - 6



1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

011388-11/3582911 V1

most direct consumer-to-retailer relationship: the consumer buys from Amazon, and Amazon ships the product.

16.    Amazon's control of first-party goods begins before they enter the United States. In these transactions, Amazon acts as the importer of record ("IOR") — the party legally responsible for the goods at the time of entry, identified on CBP Form 7501 (the entry summary), who signs the customs declaration, takes legal responsibility for compliance, and pays the tariff to U.S. Customs and Border Protection. Major retailers, including Amazon, often serve as the IOR.

17.    For third-party sales on Amazon Marketplace, there are two categories of sellers. Under the Fulfillment by Amazon ("FBA") program, the seller owns the products and controls pricing, while Amazon manages shipping, storage, and returns. Under Seller Fulfilled Prime ("SFP"), eligible third-party sellers fulfill Prime orders directly from their own warehouses, provided they meet Amazon's performance requirements. Amazon does not act as IOR for either category. [4]

18.    Amazon's Online Stores account for 40% of Amazon's sales while the remaining 60% comes from sales on Amazon Marketplace.[5] In 2025, Amazon's Online Stores accounted for $269.3 billion in sales.[6]

**B.    The Trump Administration Invokes the IEEPA to Implement Tariffs**

19.    On February 4, 2025, Trump issued an executive order imposing a 10% tariff on Chinese imports.[7] In March 2025, Trump issued two more executive orders imposing a 25% on goods imported from Canada and Mexico respectively.[8] By April 2025, the Trump Administration had imposed tariffs on imports from most other U.S. trading partners.

20.    The Trump Administration invoked the International Emergency Economic Powers Act ("IEEPA") as the legal basis for these tariffs. The IEEPA was originally designed to allow the

---

[4] *Delivering imports to Amazon*, Amazon Seller Central, https://sellercentral.amazon.com/help/hub/reference/external/200280280?locale=en-US (last visited May 15, 2026).

[5] *Amazon Percent of Units by Marketplace Sellers 2004-2021*, Marketplace Pulse, https://www.marketplacepulse.com/stats/amazon/amazon-percent-of-units-by-marketplace-sellers-1 (estimating that third-party sellers' sales account for 60% of sales on Amazon Marketplace) (last visited May 15, 2026).

[6] *Id.*

[7] Andrea Shalal, *Trump launches trade war with tariffs on Mexico, Canada and China*, Reuters (Feb. 1, 2025), https://www.reuters.com/business/trump-readies-order-steep-tariffs-goods-mexico-canada-china-2025-02-01/.

[8] *Id.*

CLASS ACTION COMPLAINT - 7

**HAGENS BERMAN**

1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

011388-11/3582911 V1

President to regulate international commerce during declared national emergencies.[9] The Trump Administration pointed to drug trafficking across U.S. borders and the persistent American trade deficit as the legal emergencies justifying the IEEPA tariffs.[10]

21.    The IEEPA tariffs did not operate in isolation. For example, for much of 2025, the effective rate on most Chinese electronics was approximately 45%: a 20% IEEPA layer on top of an already existing 25% Section 301 tariff.[11] At the peak of the escalation in April-May 2025, average U.S. tariffs on Chinese imports reached 127.2% in early May 2025.[12]

22.    On April 3, 2025, within days of the IEEPA tariffs going into effect, the first lawsuit challenging their legality was filed.[13] Despite palpable fear from business groups of incurring Trump's wrath,[14] other lawsuits would eventually follow.[15] These filings were widely reported and as a major retailer, Amazon certainly tracked their progress.[16]

23.    On February 20, 2026, the U.S. Supreme Court issued its opinion in *Learning Resources, Inc. v. Trump* holding that the IEEPA did not authorize the President to impose the IEEPA tariffs and that they were invalid.[17]

24.    The Supreme Court's decision in *Learning Resources, Inc.* eliminated the legal basis for the IEEPA tariffs and created a pathway for importers like Amazon to seek refunds of the tariffs previously collected by the federal government.

---

[9] Christopher A. Casey, Library of Congress, R-45618, *The International Emergency Economic Powers Act: Origins, Evolution, and Use*, https://www.congress.gov/crs-product/R45618.

[10] Andrea Shalal, *Trump launches trade war with tariffs on Mexico, Canada and China*, Reuters (Feb. 1, 2025), https://www.reuters.com/business/trump-readies-order-steep-tariffs-goods-mexico-canada-china-2025-02-01/.

[11] Section 301 of the US Trade Act of 1974 authorizes the President to take all appropriate action, including tariffs, to remove a foreign government's practice that violates an international trade agreement and that restricts US commerce. 19 U.S.C. § 2411. Trump implemented Section 301 tariffs in 2018.

[12] Chad P. Bown, *US-China Trade War Tariffs: An Up-to-Date Chart*, Peterson Institute for International Economics (Nov. 14, 2025), https://www.piie.com/research/piie-charts/2019/us-china-trade-war-tariffs-date-chart.

[13] *Emily Ley, Paper, Inc., d/b/a Simplified v. Trump*, No. 3:25-cv-464-TKW-ZCB (N.D. Fla. Apr. 3, 2025).

[14] Caitlin Oprysko, *'Everyone is terrified': Business and government officials are afraid to cross Trump on tariffs*, Politico (Apr. 4, 2025), https://www.politico.com/news/2025/04/04/trump-tariffs-fear-lobby-business-congress-00006608.

[15] *See. e.g.* Doug Palmer, *Trump's tariffs could face more than one legal challenge*, Politico (Apr. 3, 2025), https://www.politico.com/news/2025/04/04/first-lawsuit-filed-against-trumps-tariffs-00273646; Larry Neumeister, *A dozen states sue the Trump administration to stop tariff policy*, Associated Press (Apr. 23, 2025), https://apnews.com/article/tariffs-lawsuit-what-states-sue-0d6531b7f60aaa2f7c6c35e0a944d4a9.

[16] *Id.*

[17] *Learning Resources, Inc. v. Trump*, 607 U.S. ___, 146 S. Ct. 628 (2026) (slip op. at 20).

CLASS ACTION COMPLAINT - 8

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

011388-11/3582911 V1

**C.      Consumers Incurred Price Increases on Amazon While the IEPAA Tariffs Were in Effect.**

25.      As early as April 10, 2025, Amazon's CEO Andy Jassy stated that he anticipated third-party sellers on Amazon Marketplace would pass the cost of the IEEPA tariffs onto consumers.[18] Mr. Jassy also stated that Amazon had made "strategic forward inventory buys" and renegotiated with sellers so customers could "have lower prices."[19]

26.      In late April 2025, Amazon planned to start displaying how much of a product's cost came from the IEEPA tariffs.[20]

27.      Amazon's plan was poorly received by the Trump Administration. White House press secretary Karoline Leavitt called the move "a hostile and political act."[21] On April 29, 2025, Trump contacted Amazon founder Jeff Bezos to discuss the issue. After the call between Mr. Trump and Mr. Bezos, Amazon abandoned the plan.

28.      Although the plan was never implemented, it demonstrates that Amazon can identify exactly how much of a product's price was due to the IEEPA tariffs. And it demonstrates that Amazon has the record-keeping ability to identify each consumer who paid a higher cost due to a Trump tariff.

29.      In May 2025, an analysis of the median price of more than 1,400 products[22] made in China and sold on Amazon found a 2.6 percent increase between January and mid-June, outpacing the latest U.S. inflation rate of 2% for core goods.[23] In response to this analysis, Amazon said it had not seen average products change outside of typical fluctuations.[24]

---

[18] Annie Palmer, *Amazon CEO Andy Jassy says he believes sellers will pass increased tariff costs on to consumers*, CNBC (Apr. 10, 2025), https://www.cnbc.com/2025/04/10/amazon-ceo-andy-jassy-says-he-believes-sellers-will-pass-increased-tariff-costs-on-to-consumers.html.

[19] Jordan Valinsky, *Expect Amazon prices to rise because of tariffs CEO says*, CNN (Apr. 10, 2025), https://edition.cnn.com/2025/04/10/business/amazon-ceo-prices-tariffs/index.html.

[20] *Amazon to display tariff costs for consumers*, Punchbowl News (April 29, 2025), https://punchbowl.news/article/tech/amazon-display-tariff-costs.

[21] Alayna Treene, et al., *A 'p*ssed' Trump called Jeff Bezos after learning Amazon considered breaking out a tariff charge*, CNN (April 29, 2025), https://www.cnn.com/2025/04/29/business/white-house-calls-report-that-amazon-is-adding-a-tariff-charge-a-hostile-action.

[22] The basket of China-made goods includes products sold by Amazon as well as its third-party sellers.

[23] Siddharth Cavale, *Trump Tariffs Have Raised Prices on Chinese-Made Amazon Products Faster Than Inflation*, Reuters (June 30, 2025), https://www.reuters.com/business/retail-consumer/us-prices-china-made-goods-amazon-rise-faster-than-inflation-analysis-shows-2025-06-30/.

[24] *Id.*

CLASS ACTION COMPLAINT - 9

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

011388-11/3582911 V1

30. In July 2025, a Wall Street Journal study of 2,500 products sold on Amazon found that Amazon had increased the price of 1,200 low-cost goods despite prior pledges to keep prices low.[25] On average, prices for these inexpensive goods had increased by 5.2% between January and July 2025. The graph below demonstrates that during the same period, Walmart lowered prices on those same items by nearly 2%:



31. In the fall of 2025, Mr. Jassy stated that most of the additional supply Amazon had purchased in anticipation of the IEEPA tariffs had run out.[26] He anticipated seeing "tariffs creep into some of the prices." According to Mr. Jassy, while Amazon was trying to "'keep prices as low as possible' for consumers… in some cases, price hikes may be unavoidable."[27]

---

[25] Shane Shifflett, et al., *After Pledging to Keep Prices Low, Amazon Hiked Them on Hundreds of Essentials*, Wall Street Journal (July 20, 2025), https://www.wsj.com/business/retail/amazon-price-hikes-essentials-60a7c7f3.

[26] Annie Palmer, *Amazon CEO Jassy says Trump's tariffs have started to 'creep' into prices*, CNBC (Jan. 20, 2026), https://www.cnbc.com/2026/01/20/amazon-jassy-trump-tariffs-prices-shoppers.html.

[27] *Id.*

CLASS ACTION COMPLAINT - 10

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

011388-11/3582911 V1

32. The IEEPA tariffs increased Amazon's costs. Like many other retailers and importers, Amazon made a business decision to pass these increased costs onto its consumers through higher prices.

33. The impact on consumers has been enormous. After years of declines, prices of consumer goods rose more than 2% throughout 2025 and into January 2026.[28] According to an analysis from the Budget Lab at Yale University, tariffs accounted for an estimated 86% of the rise in prices for imported household goods through January, with the pass-through even more pronounced for long-lasting durable goods like cars, appliances and furniture.[29] American consumers overall paid more than $231 billion in tariff costs between February 2025 and January 2026, an average of roughly $1,745 per family.[30]

34. Plaintiffs and Class members paid tariff-inflated prices to Amazon during the Class Period. Amazon now seeks to retain the benefit of those consumer payments by declining to pursue a government refund and instead winning favorable treatment in future dealings with the President.

**D.    Amazon Decides Not to Seek IEEPA Tariff Refunds**

35. Following the Supreme Court's decision in *Learning Resources*, nearly 2,000 importers began attempting to recover tariff refunds from the federal government. On March 4, 2026, the Court of International Trade ordered refunds of IEEPA tariffs, holding that "[a]ll importers of record" are "entitled to the benefit" of the Supreme Court ruling that struck down the IEEPA tariffs.[31] The Court ordered Customs and Border Patrol ("CBP") to liquidate any and all unliquidated entries subject to IEEPA tariffs "without regard to IEEPA duties," and ordered that "[a]ny liquidated entries for which liquidation is not final shall be reliquidated without regard to IEEPA duties."[32]

36. The Executive Director of CBP's Trade Programs Directorate estimated that as of March 4, 2026, the total amount of IEEPA duties and estimated duty deposits collected pursuant to

---

[28] Yale University, *Tracking the Economic Effects of Tariffs*, The Budget Lab (Apr. 1, 2025), https://budgetlab.yale.edu/research/tracking-economic-effects-tariffs.

[29] *Id.*

[30] *American Families Have Paid More Than $1,700 Each in Tariff Costs Since Trump Entered Office*, Joint Economic Committee Minority (Feb. 2026), https://www.jec.senate.gov/public/_cache/files/7cc03e65-d40a-465f-9e88-09dd53d3502f/jec-fact-sheet-on-cost-of-tariffs-for-families-update.pdf.

[31] *Atmus Filtration, Inc. v. United States*, No. 1:26-01259, Order at 1 (U.S. Ct. Int'l Trade Mar. 4, 2026), ECF No. 21.

[32] *Id*. at 2–3.

CLASS ACTION COMPLAINT - 11

HAGENS BERMAN

1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

011388-11/3582911 V1

IEEPA is approximately $166 billion.[33] Given Amazon's size, Amazon is likely entitled to hundreds of millions of dollars in refunds on behalf of consumers.

37.    Nevertheless, Amazon has chosen to forgo pursuing those refunds to ingratiate itself with Trump.[34] Despite being well aware of the numerous challenges to the legality of the IEEPA tariffs, Amazon deceived consumers by not informing consumers that it wouldn't refund duties paid by consumers to cover IEEPA tariffs even if they were later invalidated.

38.    Amazon's decision appears to have been a shrewd one. Trump was quoted as saying that he would "remember" the companies that didn't seek refunds.[35]

39.    The problem is that the funds Amazon is using to stay in the President's good graces do not belong to Amazon. These funds were wrongfully taken from consumers to cover IEEPA tariffs that have since been invalidated. Those funds belong to the consumers who paid them. Amazon's use of these funds to curry political favor does not make consumers whole and is not a legally cognizable substitute for the relief sought in this lawsuit.

## V.    CLASS ALLEGATIONS

40.    Plaintiffs bring this action on behalf of themselves, and as a class action under the Federal Rules of Civil Procedure, Rule 23(a), (b)(2) and (b)(3), seeking damages and injunctive relief pursuant to federal law and pursuant to Washington's antitrust law on behalf of the members of the following Class:

> All persons who, during the period beginning on February 4, 2025 through February 20, 2026, purchased any good subject to IEEPA tariffs from Amazon's Online Stores and paid a surcharge to cover the IEEPA tariffs.

41.    Excluded from the Class are the Defendant and its officers, directors, management, employees, subsidiaries, or affiliates. Also excluded are the district judge or magistrate judge to

---

[33] *Atmus*, ECF No. 31 at 6.

[34] Molly Nixon, *It's safer to lose money than cross the president*, The Hill (May 8, 2026), https://thehill.com/opinion/finance/5868664-trump-tariffs-amazon-refunds/.

[35] Dan Mangan, *Trump says "I'll remember" companies that don't seek tariff refunds*, CNBC (Apr. 21, 2026), https://www.cnbc.com/2026/04/21/trump-says-hell-remember-companies-that-dont-seek-tariff-refund.html

CLASS ACTION COMPLAINT - 12

whom this case is assigned, as well as those judges' immediate family members, judicial officers and their personnel, and all governmental entities.

42. The identity of all products encompassed within the Class definition, i.e., Class Products, are readily identifiable from Defendant's records. The identity of Class members and their purchase records are available through multiple sources, including Class members' own transaction and payment records, Amazon's records of Class Product purchases, and records maintained by PayPal, credit card companies, and other financial institutions.

43. **Numerosity:** Members of the Class are so numerous that joinder is impracticable. Plaintiffs believe that there are tens of millions of members of the Class (if not more), geographically dispersed throughout the United States, such that joinder of all Class members is impracticable.

44. **Typicality:** Plaintiffs' claims are typical of the claims of other Class members. The factual and legal bases of Defendant's liability are the same and resulted in injury to Plaintiffs and all other members of the proposed Class.

45. **Adequate representation:** Plaintiffs will represent and protect the interests of the proposed Class both fairly and adequately. They have retained counsel competent and experienced in complex class-action litigation. Plaintiffs have no interests that are antagonistic to those of the proposed Class, and their interests do not conflict with the interests of the proposed Class members they seek to represent.

46. **Commonality:** Common questions of law and fact predominate over questions that may affect only individual Class members because Defendant has acted on grounds generally applicable to the Class and because Class members share a common injury. Determining damages on a class-wide basis is therefore appropriate. The overcharge injuries incurred by Plaintiffs and each Class member arose from the same conduct alleged herein.

47. There are common questions of law and fact specific to the Class that predominate over any questions affecting individual members, including:

  a. Whether the higher prices that consumers paid for products on Amazon Online Stores are attributable to the cost of IEEPA tariffs;

CLASS ACTION COMPLAINT - 13

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

011388-11/3582911 V1

b. Whether Amazon is obligated to return the cost of IEEPA tariffs to the consumers who paid them in the form of higher prices;

c. Whether Amazon's retention of elevated consumer payments constitutes unjust enrichment;

d. Whether Amazon's use of IEEPA tariff-related funds to benefit Amazon's business and political interests was unlawful;

e. Whether Amazon acted unlawfully by upcharging consumers in response to IEEPA tariff-related costs while making statements to the contrary;

f. Whether Amazon's conduct constitutes an unlawful practice under consumer protection statutes by collecting tariff-related surcharges from consumers while misrepresenting its pricing practices and failing to establish a consumer refund mechanism;

g. Whether Amazon's conduct has harmed Plaintiffs and the Class uniformly; and

h. The measure of damages available to Plaintiffs and the Class due to increased prices caused by Amazon's IEEPA tariff pass-through.

48. **Prevention of inconsistent or varying adjudications:** Individual prosecution of the claims alleged herein would likely yield inconsistent or varying results, establishing incompatible standards of conduct for Defendant. Certification of the proposed Class would prevent this outcome.

49. **Injunctive Relief:** By way of its conduct described in this complaint, Defendant has acted on grounds that apply generally to the proposed Class. Accordingly, final injunctive relief is appropriate respecting the Class as a whole.

50. **Predominance and superiority:** A class action is superior to other available means for the fair and efficient adjudication of the Class's claims. The damages suffered by individual Class members are relatively small compared to the burden of individual prosecution of this complex litigation. Individual lawsuits would risk inconsistent judgments and increase delay and expense for all parties. A class action presents fewer administrative difficulties. Class members are ascertainable

CLASS ACTION COMPLAINT - 14

011388-11/3582911 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

through methods typical of class action practice, including Amazon's own records. Amazon links every Prime purchase to a membership account and maintains a complete transactional record.

## VI.   CHOICE OF LAW

51.   Washington law applies to Plaintiffs' claims by virtue of a choice-of-law provision that is set forth in "Conditions of Use" that appear on Amazon's website:

> By using any Amazon Service, you agree that applicable federal law, and the laws of the state of Washington, without regard to principles of conflict of laws, will govern these Conditions of Use and any dispute of any sort that might arise between you and Amazon.[36]

## VII.   CLAIMS FOR RELIEF

### COUNT I

### VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT WASH. REV. CODE ANN. 19.86.010, ET SEQ.

52.   Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

53.   Plaintiffs bring this Count on behalf of all Class members.

54.   The Washington Consumer Protection Act ("Washington CPA") broadly prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Wash. Rev. Code Ann. § 19.86.010.

55.   Amazon's acts complained of herein are a per se violation of the Washington CPA as these tariffs were illegal and unlawful. Such conduct is also deceptive and unfair within the meaning of the Washington CPA. Wash. Rev. Code Ann. § 19.86.010.

56.   Amazon committed the acts complained of herein in the course of "trade" or "commerce" within the meaning of the Washington CPA. Wash. Rev. Code Ann. § 19.86.010.

57.   Amazon's practices, as alleged herein, are injurious to the public interest as they have the capacity to injure other persons, including the millions of consumers who shop on Amazon.com.

---

[36] *Conditions of Use*, Amazon, https://www.amazon.com/gp/help/customer/display.html?nodeId=GLSBYFE9MGKKQXXM (last accessed May 15, 2026).

CLASS ACTION COMPLAINT - 15



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

011388-11/3582911 V1

58.    Amazon's practices, as alleged herein, injured Plaintiffs and the Class in their business or property. The increased charges to Plaintiffs and the Class were the result of illegal tariffs and the retention of sums gained through illegal collection is a per se violation of the CPA. Amazon unlawfully and unfairly charged customers inflated prices to cover the costs of IEPPA Tariffs while representing that Amazon's prices were not increasing in response to the IEPPA Tariffs. Amazon also failed to disclose to consumers that it did not intend to seek a refund of IEPPA Tariff payments from the federal government even if those tariffs were illegal and instead would use consumers' funds to pursue its own business interests and seek favorable treatment from Trump. This information is material to Plaintiffs' purchasing decisions and if not for Amazon's deceptive and unfair conduct, Plaintiffs and the Class would not have purchased products from Amazon's Online Stores.

59.    Amazon is liable to Plaintiffs for damages in amounts to be proven at trial, including attorneys' fees, costs, and treble damages, as well as any other remedies the Court may deem appropriate under Washington Revised Code Annotated section 19.86.090.

## COUNT II

## UNJUST ENRICHMENT

60.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

61.    Plaintiffs bring this Count on behalf of all Class members.

62.    Plaintiffs and the Class have conferred a benefit upon Amazon in the form of money paid through tariff-inflated prices on goods during the period February 4, 2025, through February 20, 2026.

63.    Amazon received and accepted that benefit and was thereby enriched. Amazon has retained the benefit conferred by Plaintiffs without paying or otherwise compensating Plaintiffs for its value.

64.    The circumstances surrounding Defendant's receipt and retention of this benefit make it unjust and inequitable for Defendant to retain it without payment to Plaintiffs. Amazon

CLASS ACTION COMPLAINT - 16

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

011388-11/3582911 V1

obtained these funds through price increases on goods subject to unlawful tariffs and has retained the resulting profits.

65. Under principles of equity and good conscience, Amazon should not be permitted to retain those ill-gotten profits when Amazon is seeking a refund of the duties it paid.

66. Under Washington law, Plaintiffs and the Class are entitled to full disgorgement and restitution of any money Amazon has retained as a result of the unlawful and/or wrongful conduct alleged herein.

## COUNT III

## MONEY HAD AND RECEIVED

67. Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

68. Plaintiffs bring this Count on behalf of all Class members.

69. Amazon received funds from Plaintiffs and from each member of the putative Class in the form of an IEEPA tariff surcharge. The Supreme Court has determined that the IEEPA tariffs were unlawful.

70. The funds belonged to Plaintiffs and to each member of the putative Class.

71. Amazon has not returned the funds.

72. Under principles of equity and good conscience, Amazon should not be permitted to retain those ill-gotten funds. Plaintiffs seek the return of the funds in an amount to be proven at trial.

73. Plaintiffs seek all remedies available under the law, including, if available, actual damages, nominal damages, compensatory damages, punitive damages, and injunctive relief, and other remedies available to them.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of members of the Class, respectfully request that the Court enter judgment in their favor and against Amazon, as follows:

A. Certification of the proposed Class, including appointment of Plaintiffs' counsel as Class Counsel;

CLASS ACTION COMPLAINT - 17

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

011388-11/3582911 V1

B.    An order temporarily and permanently enjoining Amazon from continuing the unlawful, deceptive, fraudulent, and unfair business practices alleged herein;

C.    Declaratory relief that Amazon must return to Plaintiffs and the Proposed Class Members all funds paid by consumers to cover a IEEPA tariff surcharge, with interest;

D.    Costs, restitution, damages, including punitive damages, and disgorgement in an amount to be determined at trial;

E.    An order requiring Amazon to pay both pre- and post-judgment interest on any amounts awarded;

F.    An award of costs and attorneys' fees; and

G.    Such other or further relief as may be appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

DATED: May 15, 2026                          Respectfully submitted,

**HAGENS BERMAN SOBOL SHAPIRO LLP**

By: */s/ Steve W. Berman*
   Steve W. Berman (SBN 12536)
Sydney K. Thomas (SBN 64571)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com
sydney.thomas@hbsslaw.com

Christopher R. Pitoun, (*pro hac vice* pending)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
Telephone: (213) 330-7150
christopherp@hbsslaw.com

Dana Abelson, (SBN 63278)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
455 N Cityfront Plaza Dr. Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949

CLASS ACTION COMPLAINT - 18

011388-11/3582911 V1

dana.abelson@hbsslaw.com

*Attorneys for Plaintiffs*

CLASS ACTION COMPLAINT - 19

011388-11/3582911 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX